1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CRYSTAL LOGAN,

11              Plaintiff,                      No. 2:11-cv-2429 DAD

12        vs.

13   CAROLYN W. COLVIN,                         ORDER
     Commissioner of Social Security,
14
                Defendant.
15   _____/

16              This social security action was submitted to the court without oral argument for

17   ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary

18   judgment.  For the reasons explained below, plaintiff's motion is denied, defendant's motion is

19   granted, and the decision of the Commissioner of Social Security (Commissioner) is affirmed.

20                              **PROCEDURAL BACKGROUND**

21              On November 2, 2007, plaintiff filed an application for Supplemental Security

22   Income (SSI) under Title XVI of the Social Security Act (the Act), alleging disability beginning

23   on April 15, 2002.  (Transcript (Tr.) at 10, 113.)  Plaintiff's application was denied initially and

24   on reconsideration.  (Id. at 76-83.)

25              Plaintiff requested a hearing before an Administrative Law Judge (ALJ), and an

26   administrative hearing was held on December 16, 2009.  (Id. at 40-66.)  Plaintiff was represented

by counsel and testified at that administrative hearing.  In a decision issued on February 23, 2010, the ALJ found that plaintiff was not disabled.  (Id. at 17.)  The ALJ entered the following findings:

> 1.  The claimant has not engaged in substantial gainful activity since November 2, 2007, the application date (20 CFR 416.971 *et seq*.).
>
> 2.  The claimant has the following severe impairments: degenerative disc disease of the lumbar spine with grade 1 anterolisthesis and panic attacks (20 CFR 416.920(c)).
>
> 3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to push, pull, lift and carry 20 pounds occasionally and 10 pounds frequently, walk and stand 6 hours per day, perform occasional bending activity, and kneel, stoop, crawl, crouch, walk on uneven terrain, climb ladders or work at heights on a frequent basis. Sitting and fine and gross manipulative activity can be performed without restrictions.  Further, she can interact with co-workers and supervisors but should minimize contact with the public.
>
> 5.  The claimant has no past relevant work (20 CFR 416.965).
>
> 6.  The claimant was born on September 10, 1963 and was 44 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7.  The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> 10.  The claimant has not been under a disability, as defined in the Social Security Act, since November 2, 2007, the date the application was filed (20 CFR 416.920(g)).

(Id. at 12-17.)

1    On July 15, 2011, the Appeals Council denied plaintiff's request for review of the

2  ALJ's February 23, 2010 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42

3  U.S.C. § 405(g) by filing the complaint in this action on September 13, 2011.

**LEGAL STANDARD**

5    The Commissioner's decision that a claimant is not disabled will be upheld if the

6  findings of fact are supported by substantial evidence in the record as a whole and the proper

7  legal standards were applied.  Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973

8  (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

9  The findings of the Commissioner as to any fact, if supported by substantial evidence, are

10  conclusive.  Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is such

11  relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

12  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones

13  v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401

14  (1971)).

15    A reviewing court must consider the record as a whole, weighing both the

16  evidence that supports and the evidence that detracts from the ALJ's conclusion.  Jones, 760 F.2d

17  at 995.  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

18  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

19  substantial evidence supports the administrative findings, or if there is conflicting evidence

20  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive,

21  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

22  improper legal standard was applied in weighing the evidence, Burkhart v. Bowen, 856 F.2d

23  1335, 1338 (9th Cir. 1988).

24    In determining whether or not a claimant is disabled, the ALJ should apply the

25  five-step sequential evaluation process established under Title 20 of the Code of Federal

26  Regulations, Sections 404.1520 and 416.920.  Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

The five-step process has been summarized as follows:

> Step one:  Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Yuckert, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her motion pending before the court plaintiff argues that the ALJ committed the following two principal errors in finding her not disabled:  (1) the ALJ improperly rejected the opinion of plaintiff's treating physician; and (2) the ALJ improperly rejected plaintiff's own testimony regarding her subjective symptoms.

## I.   Medical Opinion

Plaintiff first argues that the ALJ improperly rejected the opinion of plaintiff's treating physician, Dr. Dwain Jones, without a legitimate basis for doing so.  (Pl.'s MSJ (Doc.

/////

/////

No. 15) at 6-9.[1])  In this regard, plaintiff argues the ALJ failed to provide specific and legitimate

reasons for rejecting the June 15, 2008 and July 14, 2008 opinions of Dr. Jones.  (Id. at 7.)

> With respect to Dr. Jones' opinions, the ALJ stated in the decision as follows:

> The undersigned notes that the record contains a June 2008 functional assessment from Dr. Dwain Jones, who essentially concluded that the claimant was incapable of even sedentary exertion due to lumbar spondylolisthesis and severe degenerative disc disease (Exhibit B6F/1).  Dr. Jones also submitted a July 15, 2008 letter noting a complete inability to work due to the aforementioned impairments (Exhibit B9F).  However, these opinions are rejected since they are not supported by the objective medical record.  The record does not document the frequency and severity of findings and treatment and medical records do not describe functional limitations consistent with disability.

(Tr. at 15.)

> With respect to Dr. Jones' June 15, 2008 opinion, the ALJ's noted that the

doctor's treatment records failed to show any "objective clinical evidence" of significant lumbar

spine abnormalities, significantly restricted lumbar spine range of motion, positive straight leg

raising findings, a disturbance of gait or station, or neurological deficits.  (Id. at 14.)  Although

plaintiff clearly disputes the ALJ's characterization of Dr. Jones' opinion, plaintiff does not point

the court to any evidence in the record that is contrary to the ALJ's finding that Dr. Jones'

opinion was simply not supported by objective medical records.  "The ALJ need not accept an

opinion of a physician – even a treating physician – if it is conclusionary and brief and is

unsupported by clinical findings."  Matney on Behalf of Matney v. Sullivan, 981 F.2d 1016, 1019

(9th Cir. 1992).  See also Young v. Heckler, 803 F.2d 963, 968 (9th Cir. 1986) (ALJ need not

accept a treating physician's opinion which is "brief and conclusionary in form with little in the

way of clinical findings to support [its] conclusion.").

> With respect to Dr. Jones' July 14, 2008 opinion, plaintiff argues that the ALJ

should have afforded this opinion controlling weight because it was rendered after a June 18,

---

[1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1   2008 CT scan which revealed that plaintiff was suffering from severe degenerative disc disease.

2   (Pl.'s MSJ (Doc. No. 15) at 7.)  However, Dr. Jones' July 14, 2008 opinion, consists merely of a

3   three-sentence letter stating only that plaintiff is "unable to work due to . . . spondylolisthesis of

4   her back and severe degenerative disc disease."  (Tr. at 233.)

5              In this regard, Dr. Jones' July 14, 2008 letter does not address plaintiff's

6   functional limitations and offers merely his own conclusion that plaintiff is disabled.  A treating

7   physician's statement on an issue reserved to the Commissioner, such as the ultimate

8   determination of whether a claimant is disabled, is not binding on the ALJ nor is it entitled to

9   special weight.  See 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are

10  'disabled' or 'unable to work' does not mean that we will determine that you are disabled.");

11  SSR 96-5p, 1996 WL 374183, at *5 (the Commissioner must make ultimate disability

12  determination; opinions from medical sources about whether a claimant is "disabled" or "unable

13  to work" "can never be entitled to controlling weight or given special significance"); see also

14  McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011) ("The law reserves the disability

15  determination to the Commissioner."); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190,

16  1195 (9th Cir. 2004) (noting that treating physician's opinion "is not binding on an ALJ with

17  respect to the existence of an impairment or the ultimate determination of disability" and that

18  ALJ may "discredit treating physicians' opinions that are conclusory, brief, and unsupported by

19  the record as a whole" (citations omitted)).

20             Moreover, in rejecting Dr. Jones' opinions, the ALJ gave greater weight to the

21  May 21, 2008 opinion of Dr. John Simmonds.  (Tr. at 15.)  In this regard, the ALJ's opinion

22  expressly "adopts Dr. Simmonds' functional restrictions . . . ." (Id.)  Dr. Simmonds' opinion was

23  based on his independent examination of the plaintiff.  (Tr. at 214-217.)  Thus, Dr. Simmonds'

24  opinion constitutes substantial evidence supporting the ALJ's decision.  See Orn v. Astrue, 495

25  F.3d 625, 632 (9th Cir. 2007) (examining physician's independent clinical findings are

26  substantial evidence); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (an examining

1  physician's opinion based on his or her own independent examination of the claimant constitutes

2  substantial evidence).

3          For these reasons, plaintiff is not entitled to relief with respect to her argument

4  that the ALJ erred in rejecting the opinion of plaintiff's treating physician.

5  **II.    Plaintiff's Testimony**

6          Plaintiff also argues that the ALJ improperly rejected plaintiff's own testimony

7  regarding her subjective symptoms.  (Pl.'s MSJ (Doc. No. 15) at 10-13.)  The Ninth Circuit has

8  summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

9              To determine whether a claimant's testimony regarding subjective
               pain or symptoms is credible, an ALJ must engage in a two-step
10             analysis.  First, the ALJ must determine whether the claimant has
               presented objective medical evidence of an underlying impairment
11             which could reasonably be expected to produce the pain or other
               symptoms alleged.  The claimant, however, need not show that her
12             impairment could reasonably be expected to cause the severity of
               the symptom she has alleged; she need only show that it could
13             reasonably have caused some degree of the symptom.  Thus, the
               ALJ may not reject subjective symptom testimony . . . simply
14             because there is no showing that the impairment can reasonably
               produce the degree of symptom alleged.
15
               Second, if the claimant meets this first test, and there is no
16             evidence of malingering, the ALJ can reject the claimant's
               testimony about the severity of her symptoms only by offering
17             specific, clear and convincing reasons for doing so . . . .

18  Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks

19  omitted).  "At the same time, the ALJ is not required to believe every allegation of disabling

20  pain, or else disability benefits would be available for the asking . . . ."  Molina v. Astrue, 674

21  F.3d 1104, 1112 (9th Cir. 2012).

22          "The ALJ must specifically identify what testimony is credible and what

23  testimony undermines the claimant's complaints."  Valentine v. Comm'r of Soc. Sec. Admin.,

24  574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d

25  595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among

26  other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's]

1  testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work

2  record, and testimony from physicians and third parties concerning the nature, severity, and effect

3  of the symptoms of which [claimant] complains."  Thomas v. Barnhart, 278 F.3d 947, 958-59

4  (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792

5  (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the

6  record, the court "may not engage in second-guessing."  Id.

7          In assessing plaintiff's credibility, although the ALJ acknowledged that objective

8  medical testing confirmed that plaintiff suffered from degenerative disc disease, the ALJ

9  nonetheless found as follows:

10         At the hearing, the claimant alleged multiple physical ailments and
   symptoms.  However, the claimant's subjective complaints are
11 largely not supported by the objective medial record.

12                                    * * *

13         Notwithstanding, treatment records fail to reveal evidence of
   marked limitation, which would preclude light work activity.
14 Treatment records reflect only conservative treatment for the
   claimant's orthopedic complaints consisting primarily of the
15 prescription of medications.  There is no evidence of any
   specialized orthopedic treatment, physical therapy, specialized pain
16 management treatment or other more aggressive treatment such as
   epidural injections or surgical intervention.  Additionally,
17 treatment records from primary treating source, Dr. [Dwain] Jones,
   at Exhibit B10F show no objective clinical evidence of significant
18 lumbar spine abnormalities such as paravertebral muscle spasms,
   significantly restricted lumbar spine range of motion, positive
19 straight leg raising findings, a disturbance of gait or station, or
   neurological deficits indicative of neurological compromise.

20

21 (Tr. at 14.)

22         "[A]fter a claimant produces objective medical evidence of an underlying

23 impairment, an ALJ may not reject a claimant's subjective complaints based *solely* on a lack of

24 medical evidence to fully corroborate the alleged severity of pain."  Burch v. Barnhart, 400 F.3d

25 676, 680 (9th Cir. 2005) (emphasis added).  Nonetheless, lack of medical evidence is a relevant

26 factor for the ALJ to consider in her credibility analysis.  (Id. at 681.)

1    In this case the ALJ did not reject plaintiff's subjective complaints based solely on

2    a lack of medical evidence.  As noted above, the ALJ also rejected plaintiff's subjective

3    complaints based on the conservative nature of plaintiff's treatment.  A conservative course of

4    treatment may discredit a claimant's allegations of disabling symptoms.  See Parra v. Astrue, 481

5    F.3d 742, 750-51 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Meanel v. Apfel, 172 F.3d

6    1111, 1114 (9th Cir. 1999) (failure to request "any serious medical treatment for [claimant's]

7    supposedly excruciating pain" was adequate reason to reject claimant's pain testimony).

8    Finally, in rejecting plaintiff's subjective complaints the ALJ also cited the May

9    21, 2008 opinion of examining physician Dr. Simmonds.  In this regard, the ALJ's decision noted

10   that:

11   [d]espite the claimant's testimony of extreme physical limitation,
     Dr. Simmonds observed that the claimant did not appear in any
12   acute or chronic distress, she moved about his office freely and
     without any assistance, and she was able to get on and off the
13   examination table and assume a supine position without assistance
     or difficulty.  Further, the examiner reported that the claimant was
14   able to rise on her toes and heels without difficulty.

15   (Tr. at 15.)  The ALJ is permitted to consider such evidence in evaluating a claimant's credibility.

16   See Light, 119 F.3d at 792 (in weighing claimant's credibility ALJ may consider "testimony from

17   physicians").

18   The court therefore finds that the ALJ did offer specific, clear and convincing

19   reasons for rejecting plaintiff's testimony regarding the severity of her subjective symptoms.

20   Accordingly, plaintiff is also not entitled to relief with respect to her argument that the ALJ

21   improperly rejected plaintiff's own testimony regarding her subjective symptoms.

22                                    **CONCLUSION**

23   The court has found that plaintiff is not entitled to summary judgment in her favor

24   with respect to any of her arguments.

25   Accordingly, IT IS HEREBY ORDERED that:

26   1.  Plaintiff's motion for summary judgment (Doc. No. 15) is denied;

2.  Defendant's cross-motion for summary judgment (Doc. No. 19) is granted; and

3.  The decision of the Commissioner of Social Security is affirmed.

DATED: March 25, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1/orders.soc sec/logan2429.order